{¶ 33} When this case began in May, 2005, Kerrie and Kendavid Kessinger's children, Skyyea, Starr, Cheyenne and Kendavid, Jr. were ages 9, 4, 3 and 18 months, respectively. After only an adjudication of dependency, and throughout the balance of this case, Skyyea and Starr were allowed to remain in their parents' home under the protective supervision of the Defiance County Department of Job and Family Services ("DCJFS"), while Cheyenne and Kendavid, Jr. were removed from their family home, placed into the temporary custody of DCJFS and apparently first placed with relatives, then removed from *Page 20 
the relative placement and placed in a foster home, and then removed from the first foster home and placed in another foster home. The parents' visits with Cheyenne and Kendavid, Jr. were suspended based upon a recommendation of the psychiatrist of Cheyenne, age 3. After the parents went to court to be able to visit with their children, visitation with Kendavid, Jr. was restored, but visitation with Cheyenne was still denied, again, based upon the recommendation of the very young child's psychiatrist. DCJFS subsequently sought permanent custody of Cheyenne and Kendavid, Jr. Simultaneously, DCJFS sought to terminate protective supervision over Skyyea and Starr, which the trial court granted in May, 2007, finding that "the parents meet the basic needs of the oldest two" and specifically found that "due to their ages, they can communicate any problems they are experiencing to adults, teacher, etc."
 {¶ 34} It seems odd that at the same time that two children of the family unit are unconditionally terminated from any and all supervision by DCJFS and the parents, because of their adequacy, are thus, fully restored to their full parental rights and responsibilities regarding these children, the two other children are being permanently removed from that same family unit, because of the parents' inadequacy.
 {¶ 35} One has to wonder if this case may have turned out differently if Cheyenne and Kendavid, Jr. had been able to enjoy regular and frequent contact with their parents during the pendency of this case, or perhaps been placed back *Page 21 
into the home under protective supervision which was ultimately successful in allowing their other siblings (one only a year older than Cheyenne) to remain intact in their parents' home. However, the technical fact is that Cheyenne and Kendavid, Jr. were "in the temporary custody of one or more public children services agencies * * * for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999." R.C. 2151.414(B)(1)(d).
 {¶ 36} Further, while DCJFS' case was particularly weak (and could not likely have survived a clear and convincing evidence burden) concerning the issue of whether the children could be placed with the parents within a reasonable time (the R.C. 2151.414(E) factors), as would be required if it had had to proceed under R.C. 2151.414(B)(1)(a), the fact is that such discussion and proof was unnecessary in this case because it proceeded under R.C. 2151.414(B)(1)(d). Because of the foregoing, I am compelled to concur with the majority herein. *Page 1